IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

        Petitioner,                      No. CIV 10-1630 JAM EFB P

     vs.

ROBERT DOYLE,

        Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the California Board of Parole Hearings' 2009 finding that he was unsuitable for parole, claiming that the Board's decision violated his federal right to due process. Dckt. No. 1 at 14.

       In California, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). But the United States Supreme Court held that federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. \_\_ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why

1  parole was denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners were "allowed to
2  speak at their parole hearings and to contest the evidence against them, were afforded access to
3  their records in advance, and were notified as to the reasons why parole was denied"). Thus, this
4  court may not review whether the Board correctly applied California's "some evidence"
5  standard. *Id.* at \*2.

6  Petitioner does not allege that he was not afforded constitutionally adequate process as
7  defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a
8  statement of reasons why the Board denied him parole. Accordingly, it is hereby
9  RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

10  These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties. Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
15  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
16  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17  In any objections he elects to file, petitioner may address whether a certificate of
18  appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule
19  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
20  certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*
21  *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
22  appealability to review the denial of a habeas petition challenging an administrative decision
23  such as denial of parole by the parole board).

24  DATED: December 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE